UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EAGLE WATER, LLC | CIVIL ACTION NO. 17-cv-0250 |
| VERSUS | JUDGE FOOTE |
| ARCH INSURANCE CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Eagle Water, LLC owns a sewer system that services a neighborhood in Bossier Parish. Part of the sewer collapsed, and Eagle alleges that it spent more than $600,000 to prevent damage to homes and the local environment.

Eagle had a commercial liability insurance policy with Arch Insurance Company and put Arch on notice of a potential claim. Arch allegedly denied the claim based on exclusions in the policy. Eagle filed sued against Arch in state court to recover under the policy. The suit also named as defendants two homeowners in the affected neighborhood, Gene and Nida Ash. The petition alleges that water backed up into the Ash home. Eagle prays for a declaration that the Arch policy provides coverage for all claims related to the incident, including a claim by the Ashes.

Arch removed the case based on an assertion of diversity jurisdiction. It alleged that there is diversity between the plaintiff Eagle (a Louisiana citizen) and defendant Arch (a citizen of Missouri and New Jersey). Arch admitted that co-defendants Gene and Nida Ash

are, like Eagle, citizens of Louisiana, so the presence of the Ashes as defendants appears to destroy complete diversity.  Arch argued that the citizenship of the Ashes should be ignored pursuant to the improper joinder doctrine.  Before the court is Eagle's Motion to Remand (Doc. 12) that challenges the improper joinder plea.  For the reasons that follow, it is recommended that the Motion to Remand be denied and that all claims against the Ashes be dismissed.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship.  Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff.  That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal.  To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed.  Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968).  The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine.  Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Only the second way is at issue in this case.  That second approach asks whether the defendant has demonstrated there is no reasonable basis for the

district court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

**Relevant Facts**

The "no reasonable basis" contest may take place in two different settings. If the defendant challenges the adequacy of the petition, without the submission of evidence, the court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. Smallwood, 385 F.3d at 573. The second setting is when a defendant challenges the allegations of the petition with summary judge-type evidence. Smallwood, 385 F.3d at 573-74. No evidence has been submitted by any party in this case, so the improper joinder dispute must be resolved based solely on the allegations in the petition.

The first paragraph of the petition does not even mention the Ashes. It alleges: "This action is brought on behalf of [Eagle] against its insurer [Arch] seeking to recover damages for breach of contract, and seeking declaratory judgment pursuant to Louisiana Code of Civil Procedure art. 1871 *et. seq.*" The next section of the petition sets forth grounds for jurisdiction and venue in the state court where the case was filed. It notes that the matter arose in the Kingston Plantation neighborhood, and it describes Arch and Eagle. Paragraph 5 introduces the Ashes as follows: "Gene and Nida Ash own property in the Kingston Plantation subdivision, located at 235 Cattail Trail, Bossier Parish, Louisiana."

The petition then turns to the facts. It alleges that Eagle owned the sewer system that serviced the neighborhood. ¶¶ 6-7. On or about January 5, 2016, a localized sewer collapse happened in the vicinity of a manhole connected to 124 neighborhood homes. ¶ 8. In response, Eagle installed a bypass pump system and took other steps to prevent sewer water from backing up into homes. Those measures cost in excess of $600,000 and were done in an attempt to avoid damage to the neighborhood and sewage spills in nearby waterways. ¶¶ 9-11.

Eagle alleges that the "preventative measures were reasonable and necessary to prevent and/or minimize property damage to Gene and Nida Ash, and all other property owners in the Kingston Plantation subdivision." ¶ 12. Eagle states that, despite its efforts, "untreated waste water backed-up into the home of Gene and Nida Ash, and caused property damage." ¶ 13. But for Eagle's steps, there would have been more damage to more homes. ¶¶ 14-15.

Eagle alleges that Arch insured it pursuant to a commercial "Water District Program" police of liability insurance. ¶ 16. The facts described in the petition are said to constitute a covered claim for damages within the meaning of the Arch policy, which allegedly provides for reimbursement to Eagle for the expense of preventative measures it takes to avoid substantial claims against Eagle or Arch. ¶ 17. Eagle states that it put Arch on notice of the claim, and Arch denied it based on assertions of exclusionary provisions in the policy. ¶¶ 18-

19. Eagle alleges that Arch's actions violated La. R.S. 22:1892 and La. R.S. 22:1973, which provide penalties for the unreasonable denial of certain insurance claims. ¶ 21.

The petition concludes with a prayer for "judgment against the defendants as follows: (1) judgment declaring that the policy of insurance provides coverage for any and all claims related to, or arising out of, the facts described above, including the Gene and Nida Ash's claim. (2) Monetary damages reimbursing Eagle for all out of pocket cost related to the reasonable and necessary preventative measures that Eagle took to prevent and/or minimize the damages covered under Arch's policy of insurance, any and all other relief afforded to Eagle Water LLC by La. R.S. 22:1892 and La. R.S. 22:1973, and the law. (3) For such other relief as this Court deems just and proper."

**Analysis**

The improper joinder assessment in this case is under the Rule 12(b)(6) approach. Even though the petition was filed in state court, the improper joinder review incorporates the federal pleading requirements of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) that the petition provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level and state a claim that is plausible on it face. International Energy Ventures Management, LLC v. United Energy Group Limited, 818 F.3d 193, 200-208 (5th Cir. 2016).

Arch argues that Eagle has not stated any claim for relief against the Ashes. Eagle responds that it has asserted a claim against the Ashes for declaratory judgment of non-liability. Louisiana law provides in La. Code Civ. P. art. 1871 that a court of record "may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Eagle's petition, however, does not state a plausible claim under the law.

The petition begins by saying that it is an action brought against Arch for damages and declaratory judgment; there is no mention of the Ashes. The petition alleges that Eagle took steps to minimize damage to the Ash home, but wastewater nonetheless caused property damage. Eagle states that these facts constitute the basis for a claim by Eagle against Arch on the Arch policy. The petition concludes with a prayer for relief that includes a declaration that the Arch policy provides coverage for all claims related to the incident, including the claim of Gene and Nida Ash.

The federal pleading rules require both a short and plain statement of the claim and "a demand for the relief sought." Fed. R. Civ. Pro. 8(a). The petition nowhere asserts that Eagle seeks a declaration of any kind against the Ashes. It does not even directly allege that Eagle contends it is not liable to the Ashes. A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 127 S.Ct. at 1965. Eagle's petition does not even provide that much. The most generous reading of the petition under the applicable standard does not find a claim or demand for declaratory or any other kind of relief by Eagle against

the Ashes. The inclusion of the Ashes in the petition appears to be either (1) for the sake of demonstrating the background against which Eagle has a claim against Arch or (2) to destroy diversity.

To demonstrate the lack of a valid claim pleaded against the Ashes, assume the Ashes were defaulted. Defaulted defendants are not held to admit facts that are not well-pleaded. Wooten v. McDonald Transit Associates, Inc., 788 F.3d 490, 496 (5th Cir. 2015); Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975). And "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. Pro. 54(c).

What could Eagle's judgment against the Ashes provide? Eagle's pleading does not set forth facts that support a claim under Louisiana law, and it does not pray for any form of relief against the Ashes. Perhaps Eagle intended to assert a claim for declaratory relief against the Ashes, but it did not do so. Eagle's petition does not provide a reasonable basis to predict that it might be able to recover against the Ashes. The Louisiana defendants were improperly joined, and their citizenship should be ignored.

Once a district court determines that a defendant was improperly joined, the claims against that defendant should be dismissed without prejudice. Alviar v. Lillard, __ F.3d __, 2017 WL 1369864, *4 (5th Cir. 2017), citing International Energy Ventures Management,

818 F.3d at 209-210. Thus, all claims against the Ashes should be dismissed without prejudice.[1]

Accordingly,

**IT IS RECOMMENDED** that Eagle's **Motion to Remand (Doc. 12)** be **denied**.

**IT IS FURTHER RECOMMENDED** that the Court dismiss without prejudice all claims against Gene Ash and Nida Ash.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[1] The court need not address Arch's alternative argument that a claim for declaratory relief against the Ashes is meritless due to prescription; Arch argues that any claim the Ashes might assert against Eagle was untimely by the time this action was commenced.

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2017.

Mark L. Hornsby
U.S. Magistrate Judge